Filed 10/5/22  In re A.H. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re A.H. et al., Persons Coming Under the Juvenile Court Law. | D080504 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| Plaintiff and Respondent, | (Super. Ct. Nos. J517838B-G) |
| v. | |
| J.H., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Marissa A. Bejarano, Judge.  Conditionally reversed in part; dismissed in part; and remanded with directions.

Suzanne M. Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Claudia Silva, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Emily Harlan, Deputy County Counsel, for Plaintiff and Respondent.

The San Diego County Health and Human Services Agency (Agency) concedes it did not comply with its initial inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and Welfare and Institutions Code[1] section 224.2. It agrees with appellant J.H. (Father), that the juvenile court erred in finding a reasonable inquiry had been made into the possible Indian ancestry of his daughter, V.H., and that ICWA did not apply, allowing the court to declare her a dependent and removing her from his custody. We agree with the Agency's concession. The parties have submitted a joint stipulation for issuance of an immediate remittitur pursuant to California Rules of Court, rule 8.272(c)(1). We will conditionally reverse the dispositional orders as to V.H. and remand the matter with directions for the limited purpose of compliance with ICWA and section 224.2.[2]

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

[2] Father also appeals the juvenile court's jurisdictional orders as to his other five children—A.H., L.H., N.H., J.H., Jr., and Le.H. He correctly acknowledges, however, that ICWA is not applicable to these children because they remained in his custody at disposition. (25 C.F.R. § 23.103(b) [ICWA does not apply to an award of custody of an Indian child to one of the parents]; see *In re M.R.* (2017) 7 Cal.App.5th 886, 904 ["ICWA . . . do[es] not apply to a proceeding in which a dependent child is removed from one parent and placed with another."].) Accordingly, Father's ICWA argument on appeal applies only to V.H. who was removed from his custody at disposition. Because no claim of error or other defect has been raised in this matter as to

2

FACTUAL AND PROCEDURAL BACKGROUND[3]

In June 2010, the juvenile court found that ICWA did not apply to V.H. In February 2022, the Agency filed a new dependency petition for V.H. The social worker filed an ICWA-010A form indicating the ICWA inquiry provided no reason to believe V.H. is or may be an Indian child. At the detention hearing, Father's counsel informed the juvenile court that Father had no Native American heritage. Based on Father's representation and the Agency's representation that Mother had no Native American heritage, the juvenile court found, without prejudice, that ICWA did not apply.[4] At V.H.'s contested jurisdictional and dispositional hearing the juvenile court again found, without prejudice, that ICWA did not apply. Father timely appealed the court's dispositional orders as to V.H.

DISCUSSION

ICWA provides: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe" of the pending proceedings and their right to intervene. (25 U.S.C. § 1912(a); *In re Isaiah W.* (2016) 1 Cal.5th 1, 8.) California law also requires such notice. (§ 224.3, subd. (a) ["If the court [or] a social worker . . .

---

A.H., L.H., N.H., J.H., Jr., and Le.H., the appeal filed on June 7, 2022, is dismissed as to these children. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

[3] Because Father's sole contention on appeal challenges the compliance by the Agency with its section 224.2, subdivision (b) initial inquiry duties, we limit our discussion of the facts and procedural history to information necessary to determine that issue.

[4] The maternal grandmother denied that she or Mother J.M., who is deceased, had any Native American heritage.

knows or has reason to know . . . that an Indian child is involved, notice pursuant to [ICWA] shall be provided for hearings that may culminate in an order for foster care placement, termination of parental rights, preadoptive placement, or adoptive placement[.]”].)

Effective January 1, 2019, sections 224.2 and 224.3 were enacted, setting forth California’s current ICWA inquiry and notice requirements for juvenile dependency cases. (Stats. 2018, ch. 833, §§ 5, 7.) In dependency proceedings, the juvenile court and Agency have an “affirmative and continuing duty to inquire” whether a child “is or may be an Indian child.” (§ 224.2, subd. (a).) “This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice.” (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.)

The Agency’s initial duty of inquiry includes “asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled.” (§ 224.2, subd. (b).)[5]

We review a juvenile court’s findings that the Agency has made reasonable inquiries regarding a child’s possible Indian ancestry under ICWA and that the Agency has complied with ICWA’s notice requirements, or that no such notice is required, for substantial evidence. (*In re Charlotte V.* (2016) 6 Cal.App.5th 51, 57.) Here, the Agency concedes substantial evidence does

---

[5]     ICWA defines “ ‘extended family member’ ” by “the law or custom of the Indian child’s tribe” or, absent such law or custom, as “a person who has reached the age of eighteen and who is the Indian child’s grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent.” (25 U.S.C. § 1903(2); § 224.1, subd. (c) [“ ‘extended family member’ . . . defined as provided in [§] 1903” of ICWA].)

not support the juvenile court's finding that the Agency complied with its ICWA inquiry obligations under section 224.2. The Agency's concession is proper.

The initial ICWA inquiry was deficient because the Agency failed to ask the paternal grandmother and a paternal aunt about the possibility of Indian ancestry, although the Agency interviewed both individuals.[6] A reversal is appropriate, where, as here, "the record demonstrates that the agency has not only failed in its duty of initial inquiry, but where the record indicates that there was readily obtainable information that was likely to bear meaningfully upon whether the child is an Indian child." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744 (*Benjamin M.*); *In re Y.M.* (2022) 82 Cal.App.5th 901, 916 [this division has adopted the approach articulated *Benjamin M.*].) The fact Father denied any Native American heritage at the beginning of the proceeding does not relieve the Agency of its "broad duty" to inquire of readily ascertainable extended family members whether V.H. is an Indian child. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 554.) A contrary rule would "ignore[ ] the reality that parents may not know their possible relationship with or connection to an Indian tribe." (*Ibid.*; *In re Ricky R.* (2022) 82 Cal.App.5th 671, 680 [applying *Benjamin M.* standard and finding reversible initial inquiry error where agency "asked the parents about Indian ancestry" but "failed to ask extended family members about it"].)

---

6    We acknowledge the juvenile court concluded in 2010 that ICWA did not apply to V.H. This finding, however, was made before the changes to the ICWA statutes became effective. The statutes at that time did not require a due diligence finding or contain a "duty to inquire" by "asking . . . extended family members." (§ 224.2, subd. (b), compare former §§ 224.2 & 224.3.) It is unknown whether the Agency's ICWA inquiry in the 2010 dependency proceeding comported with the standards required by the current ICWA statutes.

Because substantial evidence does not support the juvenile court's finding that ICWA did not apply, we conditionally reverse the dispositional orders as to V.H. with a limited remand for the Agency and the juvenile court to comply with ICWA and section 224.2.[7]

---

[7] Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8).) The present case involves reversible error because the parties agree, and we concur, that the Agency failed to comply with ICWA and related California provisions. Because this case would be subject to reversal to permit compliance with ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The appeal is dismissed as to minors A.H., L.H., N.H., J.H., Jr., and Le.H. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) As to minor V.H., the dispositional orders are conditionally reversed and the matter is remanded to the juvenile court with directions that, within 30 days of the remittitur, the Agency must file a report demonstrating its compliance with the initial inquiry provisions of section 224.2, subdivision (b), and, if required, conduct further inquiry under section 224.2, subdivision (e). Within 45 days of the remittitur, the juvenile court must conduct a hearing to determine whether the Agency's investigation satisfied its affirmative duty to investigate. The juvenile court has the discretion to adjust these time periods on a showing of good cause.

If neither the Agency nor the juvenile court has reason to believe or to know that V.H. is an Indian child, the dispositional orders issued at the May 12, 2022, contested Welfare and Institutions Code section 361 hearing shall be reinstated by the juvenile court. Alternatively, if after completing the inquiry the Agency or the juvenile court has reason to believe that V.H. is an Indian child, the court shall proceed accordingly. The clerk of this court shall issue the remittitur forthwith. (Cal. Rules of Court, rule 8.272(c)(1).)

O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DO, J.

7